**Michael FLORES, Petitioner–Appellant,**

v.

**D.G. ADAMS, Warden, Respondent–Appellee.**

No. 07–15342.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Jan. 13, 2009.

Filed Jan. 22, 2009.

Peter Frederick Goldscheider, I, Law Office of Peter F. Goldscheider, Palo Alto, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esquire, AGCA—Office of the California Attorney General, Peggy S. Ruffra, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: WALLACE, FARRIS and McKEOWN, Circuit Judges.

MEMORANDUM *

Flores appeals from the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

Flores argues that he is entitled to habeas relief because the state court's decision to admit evidence of his prior bad acts violated federal due process. Flores' claim is squarely foreclosed by *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir.2006). In *Alberni*, we held that the admission of propensity evidence did not entitle a petitioner to habeas relief because there is no clearly established Supreme Court precedent holding that the admission of such evidence is a violation of due process. *Id.* at 863–64, *citing Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We recently re-affirmed this ruling in *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir.2008). In this case, as with the petitioners in *Alberni* and *Mejia*, Flores can point to no Supreme Court precedent holding that the admission of propensity evidence at trial is unconstitutional. Therefore, we hold that the state court's decision to admit evidence of his prior bad acts was not contrary to clearly established Supreme Court precedent.

Flores attempts to distinguish *Alberni* and *Mejia* by arguing that the propensity evidence admitted at his trial was irrelevant to the crimes charged, and that there is clearly established Supreme Court precedent barring the admission of *irrelevant* propensity evidence as unconstitutional. For this proposition, he points to *Estelle*. However, the Court in *Estelle* stated that "we need not explore further the apparent assumption . . . that it is a violation of the due process guaranteed by the Fourteenth Amendment for evidence that is not relevant to be received in a criminal trial." 502 U.S. at 70, 112 S.Ct. 475. Thus, as with its ruling on the constitutionality of propensity evidence generally, the Court in *Estelle* declined to consider whether the admission of irrelevant propensity evidence is a violation of due process. Flores is not entitled to habeas relief on this ground.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Flores argues that notwithstanding the lack of precedential Supreme Court authority, he is entitled to habeas relief based on general principles of due process. However, *Alberni* rejected this exact argument. 458 F.3d at 864–66 (holding that general due process principles bearing on the constitutionality of propensity evidence cannot serve as a basis for habeas relief "given that *Estelle* expressly left this issue an 'open question' "). We follow *Alberni*'s holding here, and similarly reject Flores' argument.

Finally, we also do not accept Flores' argument that the certificate of appealability encompasses the additional issues raised in his opening brief. We also deny his related request to expand the certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**